IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAM HOWELL, ) | |
| ) | |
| Movant, ) | Case No. 3:14-1063 |
| ) | Senior Judge Haynes |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Movant, Sam Howell, filed this pro se action under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket Entry No. 1) The United States filed its response (Docket Entry No. 17), to which Movant filed his reply. (Docket Entry No. 22.).[1]

Movant was indicted on January 21, 2008, on two counts of transportation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1), one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(1). (Case No. 3:08-cr-00021, Docket Entry No. 1).

On July 20, 2009, the Movant submitted his petition to enter a plea of guilty to the indictment, and the Court accepted his guilty plea after making the proper determinations. (Case No. 3:08-cr-00021, Docket Entry No. 31). At the plea hearing, Special Agent David Mackdanz of the Immigration and Customs Enforcement agency ("ICE") testified that he and another agent went to the Movant's home on May 24, 2006, to investigate information that the Movant had engaged in the

---

[1]Movant also filed a motion to strike the Government's affidavit of Susanne Howell (Docket Entry No. 27). The Court did not rely on Susanne Howell's affidavit in conducting its analysis. Accordingly, movant's motion to strike should be denied as moot.

transportation of child pornography via the internet to undercover agents on more than one occasion in 2005. (Case No. 3:08-cr-00021, Docket Entry No. 49, at 21–22.) Mackdanz testified that "Mr. Howell agreed to talk with the agents. He admitted to receiving and distributing child pornography. And he stated he had sent naked pictures of himself to an individual whom he thought was a teenage female under the age of 18. He agreed to turn his computer over to agents on that date." Id. at 22. Forensic analysis of the Movant's computer revealed more than one thousand still and video images of child pornography. Id.

Movant's guilty plea petition stated that his lawyer had conducted all investigation and research that the Movant had asked of him, and that he was satisfied with his lawyer's representation to that point. (Case No. 3:08-cr-00021, Docket Entry No. 31 at 3). In response to the Court's questions, Movant stated that he was satisfied with his counsel and with his counsel's representation of him. (Case No. 3:08-cr-00021, Docket Entry No. 49, at 19). Movant admitted that Mackdanz's account was true and accurate. Other than disputing the time-frame for his sending and receiving child pornography, Movant did not dispute any of the material facts to which Mackdanz testified. Id. at 24–25.

With the guideline range of 292 to 365 months or 210 to 262 months, the Court sentenced the Movant to 135 months based upon a downward departure for acceptance of responsibility. The Sixth Circuit remanded the case for an express determination under Fed. R. Crim. P. 32(i)(3)(B) of Movant's claim that he had voluntarily ceased his criminal activity a year before his arrest. (Case No. 3:08-cr-00021, Docket Entry No. 52). At the hearing on re-sentencing, Movant testified that his previous claim to have abandoned the criminal activity a year before his arrest was false, and that he had actually continued viewing child pornography until March 2006, just two and a half months

before the agents arrived at his home. (Case No. 3:08-cr-00021, Docket Entry No. 74, at 20–21). The Court further concluded based on the expert testimony presented by both parties at the hearing, that Movant had continued to download and likely to view child pornography in April and May 2006. (Case No. 3:08-cr-00021, Docket Entry No. 74, at 50). Accordingly, the Court again sentenced the Movant to 135 months in prison. (Case No. 3:08-cr-00021, Docket Entry No. 71). The Sixth Circuit affirmed the Movant's sentence on appeal. (Case No. 3:08-cr-00021, Docket Entry No. 75).

In this action, Movant asserts that on May 24, 2006, the ICE agents entered his home illegally over his objection, without a warrant. Movant alleges that once inside his home, the agents coerced him to confess and to provide evidence against himself, without advising him of his Miranda rights, including his right to consult an attorney. Movant also asserts a claim that his counsel was ineffective for failing to move to suppress the evidence based on the agent's illegal action and advise Movant of whether such a motion would fail or jeopardize his sentence reduction. Movant contends that if his counsel had filed a motion to suppress, then his confession and the evidence obtained from his computer would have been suppressed, and he would have been acquitted at a trial instead of pleading guilty.

A prisoner who files a motion under § 2255 challenging a federal conviction is generally entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. The hearing is mandatory "unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Fontaine v. United States, 411 U.S. 213, 215 (1973) (quoting 28 U.S.C. § 2255(b)). Thus, "no hearing is required if the petitioner's allegations cannot be accepted

as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon consideration of the original motion and supporting memorandum, the government's response and the underlying factual record, the Court finds that there are no evidentiary issues to be resolved and that an evidentiary hearing is not required. The Court will dispose of the motion without a hearing. Rule 8(a), Rules Gov'g § 2255 Cases.

For relief under § 2255, a prisoner must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the Court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail, Movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (quoting United States v.

Ferguson, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks and additional citation omitted)).

As a general rule, any claims that are not raised on direct appeal, are procedurally defaulted and may not be raised on collateral review unless the movant shows "(1) 'cause' excusing [the] procedural default, and (2) 'actual prejudice' resulting from the errors," United States v. Frady, 456 U.S. 152, 168 (1982) (citations omitted), or demonstrates that he is "actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). A claim of ineffective assistance of counsel, however, is not subject to the procedural-default rule. Massaro v. United States, 538 U.S. 500, 504 (2003). An ineffective-assistance claim may be raised in a collateral proceeding under § 2255 regardless of whether the movant could have raised the claim on direct appeal. Id.

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel during their criminal proceedings, Missouri v. Frye, --- U.S. ----, 132 S. Ct. 1399, 1404 (2012); and this right applies to "all 'critical' stages of the criminal proceedings." Montejo v. Louisiana, 556 U.S. 778, 786 (2009) (citation omitted). Given his guilty plea, Petitioner's claims for relief are limited as a matter of law:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. <u>He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in</u> [McMann. v. Richardson, 397 U.S. 759, 770 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973) (emphasis added).

Since Tollett, the Supreme Court reiterated in United States v. Broce, 488 U.S. 563 (1989),

on a defendant's withdrawal of his guilty plea:

> "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." 397 U.S., at 757, 90 S.Ct., at 1473 (citation omitted).

Similarly, we held in McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), that a counseled defendant may not make a collateral attack on a guilty plea on the allegation that he misjudged the admissibility of his confession. "Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." Id., at 770, 90 S.Ct., at 1448. See also Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) ("[J]ust as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings") (citation omitted).

Id. at 572.

To establish ineffective assistance of counsel, Movant must demonstrate that under the totality of the circumstances, his trial counsel performed deficiently and that counsel's performance resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). As the Supreme Court has explained:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
>
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. As to the "performance" inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688. Under Strickland, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 691. Hill v. Lockhart, 474 U.S. 52, 59 (1985) ("[T]he two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the Strickland v. Washington test is nothing more than a restatement of the standard of attorney competence already set forth in Tollett . . . . ").

Where the ineffective assistance of counsel claim involves a guilty plea, Petitioner must present proof that but for his counsel's acts or omissions and under all of the circumstances, he would not have pled guilty and would have insisted upon a trial. Hill, 474 U.S. at 59. This assessment includes whether any "affirmative defense likely would have succeeded at trial," id.; Maples v. Stegall, 340 F.3d 433, 440 (6th Cir. 2003), and whether any cited evidence "likely would have changed the outcome of the trial." Hill, 474 U.S. at 59; Dando v. Yukins, 461 F.3d 791, 800 (6th Cir. 2006).

To establish prejudice due to his counsel's errors or omissions, Petitioner must establish a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Hill, 474 U.S. at 59 ("The second, or 'prejudice,' requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Williams v. Taylor, 529 U.S. 362, 391 (2000). In a word, "[t]he result

of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." Strickland, 466 U.S. at 694.

In Strickland, the Supreme Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and must avoid the "second-guess[ing of] counsel's assistance . . . , [as] it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689. In order to avoid "the distorting effects of hindsight," a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

Moreover, in evaluating the prejudice prong, courts must be mindful that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693. Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. (citation omitted). Rather, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. To establish prejudice, a movant who has pleaded guilty must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59; United States v. Wynn, 663 F.3d 847, 851 (6th Cir. 2011).

To establish that counsel's performance was deficient under Strickland, a movant "must identify acts that were 'outside the wide range of professionally competent assistance.'" Smith v. United States, 348 F.3d 545, 551 (6th Cir. 2003) (quoting Strickland, 466 U.S. at 690). In evaluating whether a movant has received counsel that falls short of what the Sixth Amendment guarantees to a defendant, "[i]t will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." Kimmelman v. Morrison, 477 U.S. 365, 386 (1986) (quoting Strickland, 466 U.S. at 690).

As stated above, Movant essentially alleges that his counsel was ineffective for advising him to plead guilty rather than moving to suppress the fruits of the May 2006 visit to his home by ICE agents. This claim must fail unless there is a reasonable probability that such a motion would have been granted. The decision not to file a futile motion to suppress does not constitute ineffective assistance. United States v. Hanley, 906 F.2d 1116, 1121 (6th Cir. 1990). The Movant argues that a motion to suppress in his case would have been granted on the basis of Georgia v. Randolph, 547 U.S. 103 (2006), where the Supreme Court held that police may not lawfully rely on the consent of one occupant of a residence to enter and search without a warrant when another occupant is also present and objects to the entry. The Movant asserts that Randolph applies to his case because – as he now alleges for the first time – he denied the ICE agents entry into his home, and they entered on the permission of his wife. This new allegation contradicts the record in the underlying criminal case, wherein the Movant concurred under oath with the ICE agent's testimony that he had agreed to talk to the agents and had agreed to give them his computer. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977); Monroe v.

United States, No. 3:10-CV-00866, 2012 WL 112552, at *2 (S.D.W. Va. Jan. 12, 2012) ("[S]tatements made during a hearing to accept a guilty plea are afforded a strong presumption of validity and subsequent attacks that contradict these statements may generally be dismissed as frivolous.") (citing United States v. Lemaster, 403 F.3d 216 (4th Cir.2005)). "[W]here the court has scrupulously followed the required [plea] procedure, 'the defendant is bound by his statements in response to that court's inquiry.'" Baker v. United States, 781 F.2d 85, 90 (6th Cir. 1986) (citations omitted); United States v. Reed, 719 F.3d 369, 373 (5th Cir. 2013) ("[W]hen a defendant's allegations contradict his sworn testimony given at a plea hearing, we have required more than 'mere contradiction of his statements,' typically 'specific factual allegations supported by the affidavit of a reliable third person.'").

Movant's new version of events also contradicts the sworn statement of his previous counsel, to whom the Movant recounted that after initially telling the agents that it was not a good time to talk, he had "decided to allow them into his apartment and agreed to speak to them" after they offered to return with a warrant. (Docket Entry No. 17-1, at 2). Based on that representation, counsel "determined [Randolph] did not apply because Mr. Howell allowed the agents into the apartment and had not steadfastly refused to allow them inside," and concluded that a motion to suppress would have failed. Id.

Based upon Movant's version of the facts offered to both the Court and his counsel at the time the charges were pending against him, the Court cannot find a reasonable probability that a motion to suppress based on Randolph would have been granted or would otherwise have altered the outcome of the Movant's case. Randolph simply does not apply to the Movant's case, because all credible evidence in the record indicates that Movant allowed the ICE agents into his home and

agreed to speak with them.

Nor would <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) have supported a motion to suppress in the Movant's case. The Constitution only requires police to advise a suspect of his <u>Miranda</u> rights when he is "in custody." <u>Oregon v. Mathiason</u>, 429 U.S. 492, 495 (1977) (<u>per curiam</u>). The Sixth Circuit has explained the test for determining whether a movant was in custody for the purposes of <u>Miranda</u>:

> In drawing the line between a non-custodial encounter between a citizen and the police (where <u>Miranda</u> does not apply) and a custodial encounter (where it does), courts consider "all of the circumstances" surrounding the encounter, with "the ultimate inquiry" turning on whether "a formal arrest" occurred or whether there was a "restraint on freedom of movement of the degree associated with a formal arrest." [<u>Stansbury v. California</u>, 511 U.S. 318, 322 (1994)] (internal quotation marks omitted). To answer this question, courts focus on the "objective circumstances of the interrogation," <u>id.</u> at 323, to determine "how a reasonable person in the position of the individual being questioned would gauge the breadth of his or her freedom of action," <u>id.</u> at 325 (internal quotation marks omitted). Several factors guide the inquiry: the location of the interview; the length and manner of questioning; whether the individual possessed unrestrained freedom of movement during the interview; and whether the individual was told she need not answer the questions. See <u>United States v. Swanson</u>, 341 F.3d 524, 529 (6th Cir. 2003).

<u>United States v. Panak</u>, 552 F.3d 462, 465 (6th Cir. 2009). An encounter with law enforcement in a suspect's own home is generally considered non-custodial. <u>Id.</u>

In light of these factors, the ICE agents' questioning of the Movant in his home was non-custodial and did not require them to advise him of his <u>Miranda</u> rights. Even according to the Movant, the interview was in his own home, where he was unrestrained, and lasted less than an hour.

Finally, the Movant testified at his plea hearing that the ICE agent accurately testified about the Movant agreeing to be interviewed. Thus, the Movant's later claim that his statements were coerced is directly contradicted by the Movant's prior court testimony.

Because there is not a reasonable probability that a motion to suppress would have been granted in the Movant's criminal case, the Movant cannot establish any prejudice arising from his attorney's decision not to file such a motion or from any advice he gave the Movant in connection with that decision.

For these reasons, the Court concludes that the Movant is not entitled to the relief sought and his motion to vacate should be denied.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 3rd day of February, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge